UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMIAH McGEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-1351 |
| | ) |
| C. OLDEN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW ORDER

This cause is before the court for a video merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, a pro se prisoner, currently incarcerated at the Pontiac Correctional Center, was granted leave to proceed *in forma pauperis*. The plaintiff filed this lawsuit pursuant to 42 U.S.C. §1983 against Officers Olden and Strickler of the Peoria Public Training Council (PATC). On May 2, 2014, the plaintiff was on work release and had a 48-hour pass to go home. He claims he left work at 8:30 pm with his boss's permission; however, the PATC Offender Disciplianry Report indicates he had been fired from his job. When Officer Olden learned that the plaintiff was not at work, he was charged with escape, his work release was revoked, and the plaintiff was remitted to Pontiac. The plaintiff alleges a due process violation as he was revoked without a hearing. The Seventh Circuit Court of Appeals has found that work release is a liberty interest protected by the Due Process Clause of the Fourteenth Amendment. Durso v. Rowe, 579 F.2d 1365 (7th Cir. 1978). In that case, however, the Court found that the matter should proceed under state law rather than a constitutional analysis as the right to a hearing was provided by state statute. *Id.* at 1373. *See* 730 ILCS 5/3-13-4, Dept. of Corrections Work and Day Release Rules and Sanctions. The Court concludes that the plaintiff's claim must be dismissed for failure to state a claim as he has an adequate remedy in state court.

IT IS THEREFORE ORDERED that:

1. The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

2. This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

3. Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4. If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis must set forth the issues the Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

ENTERED this 9th day of October, 2014.

/s/Harold A. Baker

_____
HAROLD A. BAKER
United States District Judge